UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

| | | |
|---|---|---|
| STREAMLINE WIRELESS LLC, | ) | Case No. |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GLADES COUNTY, FLORIDA, A | ) | |
| POLITICAL SUBDIVISION OF THE | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Streamline Wireless LLC ("Streamline"), hereby sues Defendant, Glades County, Florida (the "County"), and alleges:

## PARTIES

1.    Plaintiff, Streamline Wireless LLC, is a limited liability company with its principal place of business in St. Petersburg, Florida.

2.    Defendant, Glades County, Florida, is a political subdivision of the State of Florida governed under Chapter 125, Florida Statutes.

## JURISDICTION

3.    This is an action for declaratory and injunctive relief pursuant to the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(B)(v) (the "TCA"), and Section 365.172, Florida Statutes.

4.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5.    Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202.

6.    Further, this court has supplemental jurisdiction under 28 U.S.C. § 1367 over claims raised under Florida law.

## VENUE

7.    Venue is proper in the United States District Court for the Middle District of Florida in the Fort Myers Division because all events giving rise to the cause of action occurred in Glades County, Florida, which is located within the District.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8.    Streamline is in the business of providing services to various personal wireless telecommunications providers by locating, leasing, zoning, constructing, and owning personal wireless facilities.

9.    On or about April 2, 2026, Plaintiff submitted to the County, pursuant to the procedures set forth in Section 125-309 of the County's Land Development Code (the "LDC"), an application for a zoning special exception, Application No. SP26-03 (the "Application"), to construct a 300-foot-tall, self-supporting lattice wireless communications tower (the "Tower"). *See* **Exhibit A**.

10.    The Application requested approval for the Tower on County-owned property located at 3897 Loblolly Bar Road and identified by the Glades County Property Appraiser as Parcel No. A15-42-28-A00-001C-0000 (the "Property").

87407243;2

11.    The Property is approximately 9.62 acres in size and has two Future Land Use designations: the northern portion is zoned Agricultural Residential, and the southern portion is zoned Conservation.

12.    Wireless communication towers on property zoned Agricultural Residential are allowed by special exception, which requires a public hearing. *See* § 125-162, LDC.

13.    The Tower is proposed to be located on a 0.57 acre, Agricultural Residential portion of the 9.62-acre parcel, within a 100-foot-by-100-foot fenced ground area with necessary ingress and egress.

14.    On May 20, 2026, the County published notice that the County's Board of Adjustments (the "Board') would hold a public hearing and decide the Application on June 9, 2026.

15.    On June 2, 2026, in preparation for the advertised Board of Adjustments hearing, County staff prepared a Staff Report on the Application, now referenced as a special exception with an incorporated "Major Site Plan Review." *See* **Exhibit B**.

16.    The Staff Report recommended approval of the Application subject to certain conditions, opining that the Tower's proposed design complies with all applicable County standards for multi-use wireless communication facilities, including collocation of wireless telephone services.

87407243;2

17.    On June 9, 2026, the Board held the advertised public hearing to consider the Application. A transcript of the hearing is attached as **Exhibit C**.[1]

18.    The hearing began with a presentation by Community Development Director Susan BuChans who presented the staff report.

19.    Ms. BuChans summarized her report, stating that the proposed Tower would not intrude upon the existing, non-exclusive ingress and egress easement located on the Property and the proposed Tower users included County and private emergency services with space for co-location of future commercial carriers.

20.    Ms. BuChans also noted that the County's Chief of Fire and EMS Operations recommended in favor of the Tower because it was well-located to strengthen communications coverage and reliability of public safety communications throughout the County, particularly because rural areas face connectivity challenges.

21.    Streamline, through its representative Lou Elliott, entered into the record documentary evidence demonstrating compliance with the federal, state, and local standards, as well as a letter of support from Hendry County Emergency Management. *See* **Exhibit D**.

22.    The evidence presented by County staff and Streamline demonstrated that the Tower would not adversely impact the surrounding area or any biological or historical resources.

---

[1] Streamline had the audio recording of the hearing transcribed at its expense. The County did not provide for transcription of the hearing.

87407243;2

23. Following Streamline's presentation, the Board heard public comment on the Application. Four residents spoke in favor of the Application, while seven spoke in opposition.

24. The objectors consisted entirely of lay witnesses who expressed vague concerns about the tower's location and generalized impacts to adjacent properties. But no objector was qualified as an expert, and thus no objector was legally competent to provide opinion testimony as to any such speculative impacts or to challenge the fact-based opinions of the County's professional staff or the evidence submitted by the Streamline.

25. At the conclusion of public comment, one Board member moved to approve the Application.

26. The Board engaged in no debate or discussion of the merits of the Application prior to voting.

27. The motion to approve ended in a tie vote, 3-3.

28. The County Attorney stated on the record that a failure to approve the application constituted a denial. *See* **Exhibit C** (6/9/26 Board Hr'g Tr. 84:19-24).

29. Following the vote, the County Attorney requested the Board members to state their reasons for denial on the Record, but those reasons were not incorporated into any motion adopted by the Board. *See* **Exhibit C** (6/9/26 Board Hr'g Tr. 84:19-89:11).

30. Furthermore, as the decisionmakers, the Board members' statements do not constitute substantial competent evidence.

87407243;2

31. To date, Streamline has not received a written decision from the Board. The only written record of the hearing provided to date is a draft copy of the Board Meeting Minutes, *see* **Exhibit E**, which County staff provided on June 24, 2026. The Board has not approved those minutes to date.

32. Based upon the above allegations, Plaintiff is entitled to declaratory and injunctive relief.

33. Plaintiff has no adequate remedy at law, and there is an actual, practical, and present need for declaratory and injunctive relief to further the policies of the legislation at issue.

34. All conditions precedent to bringing this action have been met or waived.

**COUNT I**
**DECLARATORY AND INJUNCTIVE RELIEF**
**VIOLATION OF FEDERAL TELECOMMUNICATIONS ACT**

35. Streamline repeats and re-alleges Paragraphs 1 through 34 as if fully set forth herein.

36. The TCA requires that a local government's decision to deny an application for the construction, placement, or modification of a telecommunication facility be in writing and be supported by substantial evidence contained in a written record.  *See* 47 U.S.C. § 332 (c)(7)(B)(iii).

37. The County has failed to provide a written decision.

38. The Board decided the application on June 9, 2026.

39. No resolution of the Board's decision has been produced, nor, upon information and belief, is one anticipated to be produced.

87407243;2

40. The only writing produced to date is a draft of meeting minutes that have not yet been presented to the Board for approval.

41. As such, the County has violated the TCA by failing to contemporaneously provide the Board's decision in writing.

42. In addition, the only record evidence supporting denial of the application consisted of impermissible generalized, conclusory statements and incompetent opinions of lay witnesses.

43. The only competent evidence in the record supported approval of the Application.

44. Thus, the Board's decision is not based on *any* substantial competent evidence, much less substantial competent evidence contained in a written record.

45. Furthermore, the Board did not consider any of the LDC requirements in its denial of the Application.

46. As such, the Board violated the TCA by denying the Application.

**WHEREFORE**, Streamline respectfully requests that the Court enter judgment in its favor:

- declaring that the County violated the TCA by denying the Application;

- issuing an injunction prohibiting the County from withholding immediate approval of the Application; and

- granting such other relief as the Court deems equitable and just under the circumstances.

87407243;2

**COUNT II**
**DECLARATORY AND INJUNCTIVE RELIEF**
**VIOLATION OF PREEMPTION IN § 365.172, FLORIDA STATUTES**

47.    Streamline repeats and re-alleges Paragraphs 1 through 34 as if fully set forth herein.

48.    Section 365.172(13), Florida Statutes, preempts local government authority to deny a wireless telecommunication facility, except as provided therein.

49.    In failing to base its denial on compliance with the County's regulations applicable to such facilities, the Board violated the statutory preemption.

50.    Furthermore, Streamline is entitled to review of the Board's decision on an expedited basis. *See* § 365.172(13)(g), Fla. Stat.

**WHEREFORE**, Streamline respectfully requests that the Court enter judgment in its favor:

- declaring that the Board's denial of the Application violates a statutory preemption;

- issuing an injunction prohibiting the County from withholding immediate approval of the Application;

- awarding Streamline its attorney's fees and costs pursuant to Section 57.112, Florida Statutes; and

- granting such other relief as the Court deems equitable and just under the circumstances.

87407243;2

Dated:  July 31, 2026          Respectfully submitted,

**AKERMAN LLP**

*/s/Dennis A. Kerbel*
DENNIS A. KERBEL
Florida Bar No. 610429
ANA GITLI
Florida Bar No. 1068475
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
Primary:    dennis.kerbel@akerman.com
           ana.gitli@akerman.com
Secondary:  maria.y.gonzalez@akerman.com
*Counsel for Plaintiff,*
*Streamline Wireless LLC*

87407243;2