UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STREAMLINE WIRELESS LLC,

Plaintiff,

v. Case No. 2:26-cv-2279-SPC-KRH

GLADES COUNTY, FLORIDA, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA,

Defendant,

---

**STIPULATED FINAL JUDGMENT**

Before the Court is the Amended Joint Notice of Settlement and Request for Entry of Stipulated Final Judgment. (Doc. 13). Having reviewed the Complaint (Doc. 1) and the attachments thereto, including its Exhibit B, the June 2, 2026, County staff report (the "Staff Report"), the Joint Stipulation and the attachments thereto, and the record, and being otherwise fully advised in the premises, the Court finds and orders as follows.

**Findings**

The Court finds:

1. Jurisdiction and Venue. The Court has subject-matter jurisdiction over Count I of the Complaint under 28 U.S.C. § 1331 and 47 U.S.C. § 332(c)(7)(B)(v), and supplemental jurisdiction over Count II under 28 U.S.C. § 1367. Venue is proper in the Fort Myers Division of the Middle District of

Florida because the events giving rise to this action occurred in Glades County, Florida.

2. The Application. On or about April 2, 2026, Streamline submitted to the County, under the procedures in Section 125-309 of the County's Land Development Code (the "LDC"), an application for a zoning special exception, Application No. SP26-03, to construct a 300-foot-tall, self-supporting lattice wireless communications tower (the "Tower") on County-owned property located at 3897 Loblolly Bay Road and identified by the Glades County Property Appraiser as Parcel No. A15-42-28-A00-001C-0000 (the "Property").

3. The Staff Report. On June 2, 2026, County staff prepared the Staff Report on the application, referenced as a special exception with an incorporated "Major Site Plan Review" (the "Hearing Application"). The Staff Report determined that the proposed wireless communication facility and associated equipment comply with LDC Sections 125-305 and 125-308, set forth written findings under LDC Section 125-41(c), and recommended approval of the Hearing Application subject to fifteen conditions (the "Conditions of Approval").

4. The Public Hearing and Denial. On June 9, 2026, the County's Board of Adjustment held an advertised public hearing on the Hearing Application (the "Public Hearing"). A motion to approve the Hearing Application failed on

a 3-3 tie vote, and the County Attorney stated on the record that the failure to approve the application constituted a denial (the "Denial").

5. This Action. On or about August 3, 2026, Streamline filed its Complaint seeking declaratory and injunctive relief under the Telecommunications Act of 1996 (the "Act"), 47 U.S.C. § 332(c)(7) (Count I), and section 365.172, Florida Statutes (Count II).

6. Absence of Substantial Evidence. The Parties have stipulated, and the Court finds, that no substantial evidence was presented at the Public Hearing sufficient to support the Denial, as required by 47 U.S.C. § 332(c)(7)(B)(iii). The evidence relating to denial consisted entirely of lay witnesses who expressed vague concerns about the Tower's location and generalized impacts to adjacent properties and wildlife. No objector was qualified as an expert or offered expert testimony to substantiate those objections.

7. Remedy. The Parties have agreed, and the Court finds, that the appropriate remedy for the Denial is injunctive relief in the form of an order directing approval of the Hearing Application subject to the Conditions of Approval. *See, e.g.*, *Ne. Pa. SMSA LP v. Smithfield Twp. Bd. of Supervisors*, 433 F. Supp. 3d 703, 736 (M.D. Pa. 2020) (quoting *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 497 (2d Cir. 1999)).

8. The Settlement Agreement. The Parties have entered into a Settlement Agreement resolving all claims in this action, which the Glades County Board of County Commissioners approved at its October 26, 2026, regular meeting. In Section 6 of the Settlement Agreement, the Parties stipulated to entry of an order directing the County to grant the Hearing Application subject to the conditions set forth in the Staff Report. The Court has reviewed the Settlement Agreement and finds that its terms are fair, reasonable, and consistent with the Act.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Joint Stipulation (Doc. 13) is **GRANTED**. The Settlement Agreement (Doc. 13-1) is **APPROVED**, and its terms are incorporated into this Final Order by reference. The Parties shall comply with the Settlement Agreement.

2. Final judgment is entered in favor of Plaintiff Streamline Wireless LLC and against Defendant Glades County, Florida on Count I of the Complaint. The Court **DECLARES** that the Denial of the Hearing Application at the June 9, 2026, Public Hearing was not supported by substantial evidence contained in a written record, as required by 47 U.S.C. § 332(c)(7)(B)(iii). The Denial is **VACATED**.

3. The County is **ORDERED** to issue the approval of the Hearing Application (Application No. SP26-03) without further action of the Board of Adjustment and subject only to the Conditions of Approval set forth in Paragraph 4 below. Within thirty (30) days after the date of this Final Order, the County shall issue a written approval of the special exception and incorporated major site plan for the Tower on the Property (the "Approval"). The Approval shall adopt the findings of fact set forth in the Staff Report as the written findings required by LDC Section 125-41(c). No further public hearing shall be required as a condition of issuing the Approval. The County shall not impose any condition on the Approval other than the Conditions of Approval. Within five (5) days after issuing the Approval, the County shall file a notice of compliance attaching a copy of the Approval.

4. The Approval shall be subject to the following Conditions of Approval, which are reproduced from the Staff Report:

**Condition 1.** The maximum height of the tower shall be 300 feet.

**Condition 2.** The wireless communication facility shall only include signage meeting the requirements of LDC section 125-308.(k).

**Condition 3.** The wireless communication facility shall only include lighting meeting the requirements of LDC section 125-308.(l).

**Condition 4**. The wireless communication facility shall have a nonreflecting and noncontrasting finish meeting the requirements of LDC section 125-308.(m).

**Condition 5**. The separation requirement between towers may inhibit the development of other towers in the vicinity if this tower is approved but does not develop. For purposes of implementing the separation distance between towers, this tower will be considered "existing" when the Special Exception is approved. This designation will apply for up to a year while the property remains undeveloped. It will become "[true]" upon development of the tower. If the tower has not developed within the year, and there is a request for another tower to be located within the separation distance, this tower will no longer be considered existing. The other tower will be evaluated without regard to the separation distance. Should a new tower be approved within the setback distance, the Applicant will be required to submit for a variance to the distance separation, and gain approval, prior to submitting a building permit application.

**Condition 6**. If the proposed use is not constructed within five years of the date of approval of this Special Exception, or the use ceases for 180 consecutive days, the Special Exception shall be null and void.

**Condition 7**. The location of the tower shall be as depicted and as described in the Legal Description and Boundary Survey completed by Hal L. Bennett, Professional Surveyor and Mapper, dated May 28, 2026, which is included in the application.

**Condition 8**. Development of the tower shall be as stated in the application materials except as may be necessary to comply with any local, State, or Federal regulations and requirements.

**Condition 9.** The Applicant shall provide an agreement with the County as the property owner, to be recorded in the County public records, for the removal of the tower in the event of abandonment, along with a security in the amount of 110 percent of the cost to remove the tower. This shall be provided with the building permit application.

**Condition 10.** All required Federal permits and all other required permits necessary for the construction and operation of the tower, including but not limited to FAA approval, shall be provided to the County, in writing, with the building permit application. These shall be in a form showing approval of the permit by the issuing agency.

**Condition 11.** Prior to issuance of a certificate of occupancy, a professional engineer shall certify that the facility is operating within the radiation emission limits established by the FCC for nonionizing electromagnetic radiation.

**Condition 12.** The proposed use shall not interfere with or obstruct public safety communications, cable television or other wireless communication systems. Any interference or obstruction shall be corrected by the telecommunication tower facility owner at their expense. Interference with emergency or essential service communications shall be corrected within 24 hours and interference with other services shall be corrected within 45 calendar days.

**Condition 13.** The County will be given the opportunity to locate its public safety communication devices on the tower at no charge to the County.

**Condition 14.** Applicant shall provide a draft accessway agreement for the proposed 20-foot wide accessway for County review and approval in the County's sole discretion.

**Condition 15.** The telecommunication tower facility owner shall be required to enter into an agreement with Glades County for the use of

the telecommunication tower facility site under agreement terms that are acceptable to Glades County.

5. For purposes of the Conditions of Approval, (a) the term "Applicant" means Streamline and its successors and assigns, and (b) the "date of approval" of the Special Exception, and the date the Special Exception is "approved," mean the date the County issues the Approval under Paragraph 3.

6. Nothing in this Final Order relieves Streamline of the obligation to obtain building permits and other ministerial approvals required for construction and operation of the Tower. The County shall review all such applications in good faith in accordance with applicable law, the Conditions of Approval, and this Final Order, and shall not deny or delay any such application on any ground inconsistent with this Final Order.

7. All remaining claims in this action, including Count II of the Complaint, are **DISMISSED WITH PREJUDICE** in accordance with the mutual releases set forth in Section 5 of the Settlement Agreement.

8. Streamline has waived its claim to attorney's fees and costs. Each Party shall bear its own attorney's fees, costs, and expenses.

9. Except as expressly stipulated in Section 2 of the Settlement Agreement and as set forth in this Final Order, nothing in this Final Order or the Settlement Agreement constitutes an admission of fault or liability by any Party.

10. Under Federal Rule of Civil Procedure 65(d)(2), this Final Order binds the Parties; their respective successors and assigns; the Parties' officers, agents, servants, employees, and attorneys; and other persons in active concert or participation with any of them who receive actual notice of it.

11. The Court retains jurisdiction for six (6) months to enforce the terms of the Settlement Agreement and this Final Order.

12. The Clerk is **DIRECTED** to enter judgment accordingly, terminate all pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record